## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STEPHANIE SPEARS,**

**Plaintiff,**                                                    **Case No. 22-2454-DDC**

**v.**

**THERMO FISHER SCIENTIFIC,**

**Defendant.**

## MEMORANDUM AND ORDER

Defendant Thermo Fisher Scientific has moved to continue this case's July 7, 2026, trial setting.  Doc. 149.  Plaintiff opposes the motion.  Doc. 154.  Whether to continue a trial is a decision committed to the district court's discretion.  *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007).  The decision depends "upon the circumstances of the individual case." *Id.* (quotation cleaned up).  Our Circuit has articulated four factors when courts consider whether to grant a continuance:

> [1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [4] the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987).  No one of these *West* factors is determinative.  *Id.*  The court addresses these factors out of order, and it begins with the fourth: defendant's stated need for the continuance.

Defendant seeks to continue the trial because lead trial counsel has an arbitration scheduled the week before trial and a trial two weeks before trial.  Doc. 150 at 3–4.  Defendant

also seeks a new trial setting because the current trial setting falls near the Fourth of July holiday, and defendant worries this holiday will cause trouble for witnesses. *Id.* at 1. And defendant asserts that the parties need a later trial because plaintiff recently has suggested that she might seek additional damages, and so defendant has begun additional discovery on these damages. *Id.* at 4. For these reasons, defendant requests a trial setting in September 2026. *Id.* at 1. The court is persuaded that defense counsel's scheduling issues and the additional damages issue provide good cause for the continuance. Plaintiff counters that defendant hasn't identified an "actual scheduling conflict[.]" Doc. 154 at 5. But this challenge is a simplistic one for the modern trial requires preparation.

The court also finds defendant diligently requested the continuance, satisfying the first *West* factor. Defense counsel previewed the potential arbitration conflict with the magistrate judge during the October 2025 pretrial conference. Doc. 150 at 2–3. Defendant raises this conflict now because the February 2026 mediation failed to resolve the case. *Id.* at 3. Defendant raised this issue a few weeks after the failed mediation, and the court takes no issue with this timeline.

For the second *West* factor, a later trial date should alleviate defense counsel's scheduling problem. And a later trial date would give the parties more time to deal with plaintiff's late-breaking damages issue. Plaintiff reports that she's produced documents about her additional damages. Doc. 154 at 7. So, according to plaintiff, the parties can complete additional discovery without disturbing the trial setting. *Id.* Unfortunately for plaintiff, that idea no longer holds together. The parties have advised the court informally of a discovery dispute. This dispute will take time to resolve.

Concluding with the third *West* factor, the court considers the inconvenience to plaintiff. Plaintiff complains that her counsel has cleared their schedule for a July trial. And she argues that a continuance will prolong resolution of her claims, increase (inexplicably) her litigation costs, and risk "degradation of witness memory." Doc. 154 at 4–5. Plaintiff also asserts that, because she lives in Maryland and must travel to Kansas, a continuance could cause logistical and financial burdens. *Id.* at 5. The court finds that these concerns sincerely held ones but they do not outweigh the other factors. Given the three-and-a-half-year history of this case, a three-month delay is a small part of this case's life cycle. And plaintiff filed this case in this court, so she always was going to have to travel here. Plaintiff doesn't suggest that she's purchased a non-refundable flight or accommodation or anything of the like.

The court thus grants defendant's Motion to Continue (Doc. 149). It sets this case for trial on October 6, 2026. The court also grants plaintiff's request to file her response out of time, Doc. 155, because defendant doesn't oppose the motion. But plaintiff's justification for her late filing is unimpressive—"an inadvertent calendaring error," she asserts, *id.* at 1—and this is the second time plaintiff has failed to comply with filing deadlines, Doc. 140. Plaintiff must do better.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Continuance of Trial Date (Doc. 149) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to File a Response Out of Time (Doc. 155) is granted.

**IT IS SO ORDERED.**

**Dated this 14th day of May, 2026, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**